## THE PEOPLE, RESPONDENTS, *v.* THE OWYHEE LUMBER COMPANY, APPELLANT.

TAXATION—IMPROVEMENTS—PUBLIC LANDS.—Impr̃ovements upon lands belonging to the United States are not real estate within the meaning of the revenue act of this territory; and the listing of any such improvements as real estate by an assessor is fatal to the assessment.

JUDICIAL NOTICE.—This court is bound to take notice of the long-established and well-known usages of the country.

PRESUMPTION—OFFICER.—Every officer is presumed to do his duty.

ASSESSMENT—ASSESSOR—TAXATION.—Where an assessor fails to discriminate between improvements where the owner thereof is also the owner of the land upon which the same are situated, and those cases where the improvements are upon public lands, this court can not arrive at the conclusion that a want of such discrimination did not mislead him in assessing the property, as to value.

CONSTRUCTION OF STATUTES.—Neither courts nor assessors have any discretion in the construction of statutes, when their provisions and requirements are plain and easily understood.

ASSESSMENT—TAXATION.—When the aggregate of a column of figures is preceded by a dollar mark, the result must follow that each item of such column is also dollars, although not preceded by such mark; and this, on the well-established maxim in mathematics, that the whole is equal to all its parts.

APPEAL from the third judicial district, Owyhee county.

*Rosborough & Preston,* for the appellants.

*L. P. Higbee,* for the respondents.

WHITSON, J., delivered the opinion. NOGGLE, C. J., concurred. LEWIS, J., dissented.

One of the questions involved in this case is substantially the same as that in the case of *The People* v. *Owyhee*

*Mining Co.*, in which the opinion of this court has been delivered at length. The questions involved, however, we consider much stronger against the affirmance of the order of the court below refusing a new trial than in the case just cited. In that case the assessor listed under the head of "Real Estate, Description of," a mill-site, situated, etc., together with a twenty-stamp quartz-mill and appurtenances, etc.; from which we are to infer, that not only the improvements were assessed, but the site upon which they were located, and, while there is no such heading prescribed by the revenue act, the error of the assessor consisted mainly in assessing under the heading what the law expressly provides is personal property; and not only that, but values both the mill-site, the title to which is admitted to be in the United States, and the improvements thereon in bulk, so that it would be impossible for any one to determine from the assessment-roll at how much the possessory right of defendant was assessed, or at how much the improvements were assessed.

In this case the assessor listed under the same heading, "a sawmill, situated at the head of Boulder creek in Owyhee county, Idaho territory, and known as the Boulder Creek Mill."

Unlike the case of *The People etc.* v. *Owyhee Mining Co.*, it does not appear that the defendant herein claimed even a possessory interest in the land or place where this sawmill was situated, and for aught this court knows or any court could know, from the assessment roll, this sawmill might have been portable; and, whether so or not, or whether or not it was situated on land in which the defendant claimed a possessory interest, it is quite clear to us that it is in no sense real estate as defined by the revenue act. It may be, and it has been urged, that these are mere technicalities; but we think not, but that no substantial compliance has been had with the law. This court is bound to take notice of the long-established and well-known usages of the country. Every officer is presumed to do his duty, is equally as true.

No one will contend that a building situated on public

land would be as valuable as if the owner of the building owned the land also. In all of these cases it seems that the assessor failed to discriminate between improvements when the owner of the improvements was also the owner of the land, and those cases where the improvements were on public land. Having failed to do this, how can we arrive at the conclusion that a want of this discrimination did not mislead him in assessing the property, as he says "in good faith," which of course we do not question. We do not think that assessors or courts have any right to say this or that is sufficient when the legislature has undertaken to say that something else only is sufficient.

There is another question raised in this case not raised in the other cases at bar, and that is that there is no indication as to what the different values of property are intended to represent, whether eagles, dollars, cents, or mills. We do not think this objection well taken where it is evident and apparent upon the face of the assessment what the figures represent by a reference to the footing. The following is the substance of the roll in that particular, viz.: A sawmill, etc., four thousand; a lot of timber land, etc., one thousand; tools and furniture, three hundred; two horses and wagons, four hundred; total, five thousand seven hundred dollars.

It is a well-established maxim of mathematics, that the whole is equal to all its parts. It can be no less or greater. All these sums amount to five thousand seven hundred dollars, and if any one of them consisted of anything else than dollars the result could not be dollars alone, corresponding in amount to the aggregate of the four sums named.

We think the order of the court below should be reversed and the case remanded for a new trial, upon the same ground as the case of *The People, etc.* v. *Owyhee Mining Co.*

Judgment reversed and a new trial ordered.